By the Court, Cowen, J.
In this case the plaintiff, being the owner of a canal boat of.which D. Blakely was master, received on board a cargo of flour to be delivered to the defendant at the city of New-York, he to pay the freight. On the arrival of the flour at New-York, Blakely called upon the defendant for money on account of the freight to pay his men. This was declined till the flour was delivered, the defendant promising that, on delivery, he would pay all charges. It was delivered accordingly, when he refused to pay, unless the master would deduct six cents per barrel as a compensation for pretended injury which the'flour had sustained in the manner of delivery, but of which there was no proof. The plaintiff disaffirmed the act of delivery, and, through his agent, the master, demanded the restitution of the flour. This being refused, he brought replevin, and the judge nonsuited him.
If the transaction was a trick on the part of the defendant, who intended to obtain the flour, and then coerce the master into an unreasonable deduction from his freight, the delivery was voidable, and the plaintiff entitled to recover. We think it was susceptible of that construction; and that the question *44 should have been submitted to the jury. It is well settled that where a vendee obtains goods with an intent not to pay for them, this is a fraud which avoids the contract at the election of the vendor, who may treat the defendant as a wrongdoer, and recover the goods specifically.(a) The same consequence -is predicable upon the same principle, where goods are obtained with an intention to defraud the carrier of his freight, or any part ofit. The only difference lies in the latter object being so contemptibly insignificant as to raise a doubt whether any man would be guilty of fraud in its accomplishment. It is said that a lien is always forfeited by delivery. That is indeed so; and the same thing may be said of a right to the goods in specie, where they are delivered by the vendor. But a delivery procured by fraud is not within the rule. It is void at his election; in other words, it is no delivery. The difference between that case, and the like fraudulent .act of obtaining goods from a carrier or other lien-holder, consists in the one being a fraud against the general and the other against the special property, which is a difference in words only; not of principle. It is said the plaintiff may bring assumpsit for the freight. So may the vendor sue for the price of his goods; but he may also bring replevin.
New trial granted.

 See Ash v. Putnam, (1 Hill, 302 ;) Cary v. Hotailing, (id. 311;) Bristol v. Wilsmore, (1 Barn. & Cress. 514;) Kilby v. Wilson, (Ry. & Mood. N. P. Rep. 178, 181;) and per Cowen, J. in Rose v. The People, (5 Hill, 294.)